# EXHIBIT "A"

# MORGAN & MORGAN

April 20, 2022

*Via USPS Certified Mail No.*
*and Via Electronic Mail: Benjamin.Ems@sentry.com*

*1 2 0 3 5 7 1 8*

Sentry Select Insurance Company
Attn: Benjamin Ems
PO Box 8026
Stevens Point, WI 54481

> RE:   Our Client:    Erica Rosa Perez
>       Your Insured:  Royal Logistics, Inc.
>       Date/Loss:     8/5/2021
>
> *Perez v. Cockerill and Royal Logistics, Inc.*
> Henry County State Court/ CAFN: STSV2022000677

Dear Sir/Madam:

Pursuant to O.C.G.A. § 33-7-15(c) you are hereby provided with notice of the above-referenced lawsuit.  Enclosed please find a copy of the following documents which will be served upon your insured(s):

- Initial Complaint
- Summons
- Plaintiff's First Request for Admissions to Defendants
- Plaintiff's First Request for Production of Documents and Notice to Produce to Defendants
- Plaintiff's First Continuing Interrogatories to Defendants
- Certificate of Service 5.2

Should you have any questions regarding the foregoing, please do not hesitate to contact our office.

Thank you.

*Marissa Le*

Marissa Le
Paralegal to Blake Fluevog
(770) 576-7607
mle@forthepeople.com

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2022000677**
RBJ
APR 20, 2022 10:58 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2022000677

Perez, Erica Rosa

**PLAINTIFF**

VS.

Cockerill, Kevin Wayne
Royal Logistics, Inc.

**DEFENDANTS**

## SUMMONS

TO: COCKERILL, KEVIN WAYNE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Blake Fluevog**
**MORGAN & MORGAN, ALPHARETTA**
**178 S Main Street**
**Unit 300**
**Alpharetta, Georgia 30009**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of April, 2022.**

Clerk of State Court

_Lynne M. Policaro_
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

🖃 EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
RBJ
APR 20, 2022 10:58 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER   <u>STSV2022000677</u>

Perez, Erica Rosa

---

**PLAINTIFF**

**VS.**

Cockerill, Kevin Wayne
Royal Logistics, Inc.

---

**DEFENDANTS**

## SUMMONS

TO: ROYAL LOGISTICS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Blake Fluevog**
> **MORGAN & MORGAN, ALPHARETTA**
> **178 S Main Street**
> **Unit 300**
> **Alpharetta, Georgia 30009**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of April, 2022.**

Clerk of State Court

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**⚡ EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
RBJ
APR 20, 2022 10:58 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **ERICA ROSA PEREZ,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| v. | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter with a copy of the following:

1. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT KEVIN WAYNE COCKERILL;

2. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ROYAL LOGISTICS, INC.;

3. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT KEVIN WAYNE COCKERILL;

4. PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT ROYAL LOGISTICS, INC.;

5. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT KEVIN WAYNE COCKERILL;

6. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT ROYAL LOGISTICS, INC.

This 20th day of April 2022.

Respectfully submitted,

_/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **ERICA ROSA PEREZ,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| v. | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

This certifies that I have this day served a copy of the foregoing CERTIFICATE OF

SERVICE 5.2 upon all parties to this matter by depositing a true copy of same in the

United States Mail, proper postage prepaid, addressed to counsel of record as follows:

Kevin Wayne Cockerill
6013 23rd Road Street S.
Fargo, ND 58104

Royal Logistics, Inc.
Jason C. Gonzalez
2609 Welcome Road
Newman, GA 30263

This 20th day of April 2022.

Respectfully submitted,

   /s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA 30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

3

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
RBJ
APR 20, 2022 10:58 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

### IN THE STATE COURT OF HENRY COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **ERICA ROSA PEREZ,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| **v.** | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Erica Rosa Perez, Plaintiff in the above-styled action, and states her complaint for damages against Defendants Kevin Wayne Cockerill and Royal Logistics, Inc. as follows:

1.

The Plaintiff Erica Rosa Perez is a resident of the State of Georgia.

2.

Defendant Kevin Wayne Cockerill is a citizen and resident of the State of North Dakota, whose last known residence is 6013 23rd Road St. S, Fargo, Cass County, North Dakota 58104-7610. Defendant Cockerill is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. §9-10-91, and may be served by issuing Summons and a second original of this Complaint to him at this address of: 6013 23rd Road St. S, Fargo, Cass County, North Dakota 58104-7610. Service on Defendant Fournier may also be perfected through the Georgia Secretary of State pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. §40-12-2.

3.

Defendant Royal Logistics, Inc. is a domestic corporation. Defendant Royal Logistic, Inc. is subject to the jurisdiction of this Court and may be served by issuing Summons and a second

original of this Complaint to its process agent: Jason C. Gonzalez, 2609 Welcome Road, Newman, GA 30263.

4.

As joint tortfeasors, Defendants are subject to the jurisdiction of this Court pursuant to Georgia law.

5.

Venue is proper in the State Court of Henry County, State of Georgia.

6.

Defendants have been properly served with a copy of Plaintiff's Complaint for Damages and Summons.

7.

On August 5, 2021, Plaintiff Erica Rosa Perez was operating her 1998 Honda Accord, traveling southbound on Georgia Highway 155 at its intersection with the Interstate 75 ramp in Henry County, State of Georgia.

8.

At or about that same time, Defendant Kevin Wayne Cockerill was traveling northbound on Georgia Highway 155 at its intersection with the Interstate 75 ramp, located in McDonough, Henry County, State of Georgia, operating a 2019 International Transtar owned, controlled, or leased by Defendant Royal Logistics, Inc.

9.

At the time of the subject collision, Defendant Kevin Wayne Cockerill was an employee and/or agent driver of Defendant Royal Logistics, Inc. and Defendant Kevin Wayne Cockerill was operating the aforementioned vehicle with the permission of Defendant Royal Logistics, Inc.

10.

While Defendant Kevin Wayne Cockerill was operating Defendant Royal Logistics, Inc.'s vehicle, he failed to maintain proper distance, merged into Plaintiff's lane of travel without proper lookout, and crashed into the rear side of Plaintiff's vehicle, thereby causing a significant collision between the Plaintiff's and Defendant's vehicles.

11.

Defendant Cockerill was negligent in operating the vehicle owned by Defendant Royal Logistics, Inc.

12.

Defendant Cockerill's negligence included, but is not limited to, one or more of the following:

a. Negligently failing to make reasonable and proper observations while operating his vehicle or, if reasonable and proper observations were made, failing to act thereon;

b. negligently failing to keep a proper lookout;

c. negligently failing to maintain the vehicle under proper control;

d. distracted driving;

e. negligently failing to make timely and proper application of brakes;

f. negligently striking the Plaintiff's vehicle;

g. negligently failing to take appropriate precautions to avoid striking Plaintiff's vehicle;

h. and any other acts of negligence that may be proven at trial.

13.

Defendant Cockerill was and is negligent per se for his actions as described above.

14.

Defendant Cockerill failed to operate the vehicle owned by Defendant Royal Logistics, Inc. with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including especially the Plaintiff herein.

15.

Defendants' actions constituted negligence in operating the vehicle contrary to the reasonable and safe conditions and circumstances then existing.

16.

At all relevant times, Defendant Cockerill was acting at the direction an under the control of Defendant Royal Logistics, Inc. Further Defendant Cockerill was operating the 2019 International Transtar in the course and scope of his employment with Defendant Royal Logistics, Inc. with its permission.

17.

Defendant Royal Logistics, Inc. is liable for the actions and omissions of Defendant Cockerill through respondeat superior because, at all relevant times, Defendant Cockerill was acting within the scope of his employment and/or agency.

18.

Defendant Royal Logistics, Inc. negligently hired, supervised, trained, and retained Defendant Cockerill and negligently entrusted motor vehicle operation responsibilities to Defendant Cockerill. Defendant Cockerill negligently failed to implement and utilize proper procedures to evaluate Defendant Cockerill's skills and expertise for the operation of said motor vehicle.

19.

Defendant Royal Logistics, Inc. had knowledge of, or in the exercise of reasonable care, should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by its actions, Defendant Royal Logistics, Inc. is liable for the negligent supervision, hiring, training, and retention of their management, agents, and employees and the entrustment of said motor vehicle to said management, agents, and employees.

20.

Defendant Royal Logistics, Inc. was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

21.

Defendant Royal Logistics, Inc. was and is negligent per se.

22.

Defendant Royal Logistics, Inc. was negligent for all other acts of negligence as may be shown at trial.

23.

As a proximate and foreseeable result of the negligence of Defendants, Plaintiff sustained substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to her body, musculoskeletal and nervous system, which required both invasive and non-surgical procedures and therapies and which will likely require additional care into the future, personal inconvenience, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff, Erica Rosa Perez's medical treatment is ongoing.

24.

The Plaintiff, Erica Rosa Perez, will likely require additional and ongoing medical treatment for the injuries he sustained as a direct result of the Defendants' negligence.

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from such Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That Plaintiff have and recover from Defendants, punitive damages for willful misconduct, malice, or that entire want of care which would raise the presumption of conscious indifference to consequences;

(f) That this matter be tried to a jury;

(g) That all costs be cast against the Defendants;

(h) For such other and further relief as this Court deems just and appropriate.

This 20th day of April 2022.

Respectfully submitted,

__/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
RBJ
APR 20, 2022 10:58 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ERICA ROSA PEREZ,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| **v.** | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ROYAL LOGISTICS, INC.

TO:     Royal Logistics, Inc., and its Attorney of Record
        Jason C. Gonzalez
        2609 Welcome Road
        Newman, GA 30263

COMES NOW, Plaintiff Erica Rosa Perez (hereinafter "Plaintiff"), by and through her counsel of record, and requires Defendant Royal Logistics, Inc to answer under oath the following Requests for Admissions within 45 days from the date of service of these Requests, pursuant to O.C.G.A. § 9-11-36(a)(2).

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. Bass & Co. v. Fulton County Bd. of Tax Assessors, 268 Ga. 327, 486 S.E.2d 810 (1997).

**NOTE A:**     In reply to these Requests for Admission, your answer should specifically admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully admitted or denied. Any denial shall fail to meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. O.C.G.A. § 9-11-36(a)(2).

**NOTE B:**     As the answering party, you may not give lack of information or knowledge as a reason for failure to admit or deny unless reasonable effort has been made and the information known or readily obtainable and available to the Defendant is sufficient to enable the Defendant to admit or deny the matter.  O.C.G.A. § 9-11-36(a)(2).

**NOTE C:**     If the Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection.  Mixed questions of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admission. O.C.G.A. § 9-11-36(a)(1)(2).

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

2.  "**subject incident**" means the collision between Kevin Wayne Cockerill, driver for Royal Logistics, Inc., and Erica Rosa Perez which occurred on August 5, 2021, in Henry County, Georgia.

### REQUEST FOR ADMISSIONS

1.

Please admit that Defendant Royal Logistics, Inc. was properly served with the Summons and Complaint in the above-styled action.

2.

Please admit that you raise no defenses as to insufficiency of process or insufficiency of service in this action.

3.

Please admit that venue for the above-styled case is proper in the State Court of Henry County, Georgia.

4.

Please admit that the State Court of Henry County, Georgia has jurisdiction over Defendant Royal Logistics, Inc. for the purpose of this lawsuit.

5.

Please admit that Defendant Kevin Wayne Cockerill was an employee of Royal Logistics, Inc. at the time of the subject collision with Plaintiff's vehicle.

6.

Please admit that Kevin Wayne Cockerill was operating the 2019 International Transtar at the time of the collision in the course and scope of his employment with Royal Logistics, Inc.

7.

Please admit that Defendant Kevin Wayne Cockerill was driving the subject 2019 International Transtar within the course and scope of his agency relationship with Defendant Royal Logistics, Inc. at the time of the collision-in-suit.

8.

Please admit that Defendant Royal Logistics, Inc. is liable under the doctrine of respondeat superior for the negligent acts and omissions of Kevin Wayne Cockerill at the time of the subject collision.

9.

Please admit that Plaintiff's medical expenses for injuries received in the subject collision are reasonable and customary.

This 20th day of April 2022.

Respectfully submitted,

/s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **ERICA ROSA PEREZ,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| v. | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR ADMISSIONS TO DEFENDANT ROYAL LOGISTICS, INC. upon all parties

to this matter by depositing a true copy of same in the United States Mail, proper postage

prepaid, addressed to counsel of record as follows:

Kevin Wayne Cockerill
6013 23rd Road Street S.
Fargo, ND 58104

Royal Logistics, Inc.
Jason C. Gonzalez
2609 Welcome Road
Newman, GA 30263

This 20th day of April 2022.

Respectfully submitted,

   /s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA 30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
RBJ
APR 20, 2022 10:58 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ERICA ROSA PEREZ,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| v. | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT KEVIN WAYNE COCKERILL

TO:   Defendant, Kevin Wayne Cockerill, and his Attorney of Record
6013 23rd Road Street S.
Fargo, ND 58104

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following Request for Production of Documents and Notice to Produce.

You are required, when responding to these requests, interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.

You are requested to produce the following described documents for inspection and copying on behalf of the Defendant, this material to be produced to Blake Fluevog, Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009, Attorney for Plaintiff.

### DOCUMENTS TO BE PRODUCED

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene

ofthe incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning,referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefitsrelated to the subject incident regardless of whether the insurer agrees there was

coverage.

9.

Any and all taped or written statements taken from Plaintiff, or any other potentialwitnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

10.

Any and all documents, books, writings or other tangible things which support any defensesyou rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the vehicle you were driving at the time of thesubject incident.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No.16.

13.

A copy of your current driver's license and all drivers' licenses you have held in the pastfive (5) years.

14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment Plaintiff received prior to thesubject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state

thefollowing:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

18.

Please produce any and all documents intended to be used to argue that Plaintiff's damages

noted in Plaintiff's Interrogatory Number 24 are not reasonable and customary.

This 20th day of April 2022.

Respectfully submitted,

   /s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ERICA ROSA PEREZ,**<br><br>          **Plaintiff,**<br>**v.**<br><br>**KEVIN WAYNE COCKERILL and**<br>**ROYAL LOGISTICS, INC.,**<br><br>          **Defendants.** | **CIVIL ACTION FILE NO:** |

### CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO

DEFENDANT KEVIN WAYNE COCKERILL upon all parties to this matter by depositing a

true copy of same in the United States Mail, proper postage prepaid, addressed to counsel of

record as follows:

Kevin Wayne Cockerill
6013 23rd Road Street S.
Fargo, ND 58104

Royal Logistics, Inc.
Jason C. Gonzalez
2609 Welcome Road
Newman, GA 30263

This 20th day of April 2022.

Respectfully submitted,

   /s/ Blake Fluevog        
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
RBJ
APR 20, 2022 10:58 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ERICA ROSA PEREZ, | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| v. | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT KEVIN WAYNE COCKERILL

TO:   Kevin Wayne Cockerill, Defendant, and his Attorney of Record
6013 23rd Road Street S.
Fargo, ND 58104

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental

answers must be filed and served upon the counsel of record for the above-named Plaintiff within

a reasonable time after discovery or receipt of such additional information, but in no event later

than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at

the offices of Blake Fluevog Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009 within

forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or

weekend, in which event the production will take place on the Monday following the 45th day; or

in the event the time for response is shortened by court order, then the shorter time frame shall be

applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials

and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless

negated by the context:

## I.   **DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including

copies, drafts, and reproductions thereof to which you have or have had access, including, but not

limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies,

publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films,

voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy

of such writing or record where the original is not in your possession, custody or control, and every

copy of such writing or record where such copy is not an identical copy of an original or where

such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative,

association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## <u>INTERROGATORIES</u>

1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

2.

State the name and address of any person, including any party, who to your knowledge information or belief:

a.   was an eyewitness to the incident underlying this litigation;

b.   has some knowledge of any fact or circumstance upon which your defense isbased; or

c.   has conducted any investigation relating to the incident underlying this litigationor the background, employment, medical history or activities of the Plaintiff.

3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

4.

Has any entity issued a policy of liability insurance to you or which is or arguably should be extending insurance coverage to you? If so, please state for each policy:

a.   the name of the insurer providing liability insurance;

b.   the limits of coverage;

c.   the name of the insured on the policy; and

d.   the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance? If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

    a.  each eyewitness that will testify to those facts; and

    b.  each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

    a.  state the subject matter on which s/he is expected to testify;

    b.  state in detail the opinions held by each such expert or technician; and

    c.  give a complete summary of the grounds for each opinion held.

8.

Were you on the business of any individual or entity at the time of the subject incident? If so, please identify any such individual or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge. (See Lewis v. The State, 243 Ga. 443; Hightower v. G.M., 175 Ga. App. 112).

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

State each and every fact supporting your contention that the Plaintiff's alleged injuries

pre-existed the incident underlying this litigation and identify:

    a.   each eyewitness that will testify to those facts; and

    b.   each and every document or tangible piece of evidence that will evidence thosefacts.

12.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

    a.   each eyewitness that will testify to those facts; and

    b.   each and every document or tangible piece of evidence that will evidence thosefacts.

13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

    a.     each eyewitness that will testify to those facts; and

    b.     each and every document or tangible piece of evidence that will evidence those

             facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify:

    a.   each eyewitness that will testify to those facts; and

    b.   each and every document or tangible piece of evidence that will evidence thosefacts.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the

incident underlying this litigation?

17.

Do you contend that any of the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were used to effectuate service upon the Defendants? If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend that the named Defendants have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to any of the named Defendants, jurisdiction is lacking over any of the named Defendants in this Court, or that service of process has been deficient on any of the named Defendants in this matter? If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the subject truck being operated at the time of the subject incident, please identify:

a.  the owner and/or lessee of the vehicle;

b.  the frequency with which you drove the vehicle;

c.  who paid for the gas and maintenance on the vehicle; and

d.  if you did not own the vehicle, state whether or not you had the permission of the owner/lessee to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license? If so, please state when you first acquired any driver's

license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

23.

For each request to admit that you denied, please identify:

    a.   each eyewitness that will testify to those facts supporting your denial; and

    b.   each and every document or tangible piece of evidence that will evidence factssupporting your denial.

24.

Do you contend that Plaintiff's medical bills for the injuries sustained in the subject collision were not reasonable and customary in their current form?  If not, please explain.


    This 20th day of April 2022.

                        Respectfully submitted,

                        __/s/ Blake Fluevog_____
                        Blake Fluevog
                        Georgia Bar No. 838726
                        Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ERICA ROSA PEREZ,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| **v.** | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

CONTINUING INTERROGATORIES TO DEFENDANT KEVIN WAYNE COCKERILL

upon all parties to this matter by depositing a true copy of same in the United States Mail, proper

postage prepaid, addressed to counsel of record as follows:

Kevin Wayne Cockerill
6013 23rd Road Street S.
Fargo, ND 58104

Royal Logistics, Inc.
Jason C. Gonzalez
2609 Welcome Road
Newman, GA 30263

This 20th day of April 2022.

Respectfully submitted,

  /s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

✤ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
RBJ
APR 20, 2022 10:58 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ERICA ROSA PEREZ, | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| v. | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT KEVIN WAYNE COCKERILL

TO:     Kevin Wayne Cockerill, Defendant, and his Attorney of Record
6013 23rd Road Street S.
Fargo, ND 58104

COMES NOW, Plaintiff Erica Rosa Perez (hereinafter "Plaintiff") by and through her counsel of record and requires Defendant Kevin Wayne Cockerill to answer under oath the following Requests for Admissions within 45 days from the date of service of these Requests, pursuant to O.C.G.A. § 9-11-36(a)(2).

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. Bass & Co. v. Fulton County Bd. of Tax Assessors, 268 Ga. 327, 486 S.E.2d 810 (1997).

**NOTE A:**     In reply to these Requests for Admission, your answer should specifically admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully admitted or denied. Any denial shall fail to meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. O.C.G.A. § 9-11-36(a)(2).

**NOTE B:**    As the answering party, you may not give lack of information or knowledge as a reason for failure to admit or deny unless reasonable effort has been made and the information known or readily obtainable and available to the Defendant is sufficient to enable the Defendant to admit or deny the matter.  O.C.G.A. § 9-11-36(a)(2).

**NOTE C:**    If the Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection.  Mixed questions of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admission. O.C.G.A. § 9-11-36(a)(1)(2).

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

2.  "**subject incident**" means the collision between Kevin Wayne Cockerill, driver Royal Logistics, Inc. and Erica Rosa Perez which occurred on August 5, 2021 in Henry County, Georgia.

### REQUESTS FOR ADMISSION

1.

Admit that Kevin Wayne Cockerill is a proper party to this lawsuit.

2.

Admit that Royal Logistics, Inc. was properly named in this case.

3.

Admit that Kevin Wayne Cockerill was a professional driver on the date and time of the subject incident.

4.

Admit that service was proper on Kevin Wayne Cockerill.

5.

Admit that venue is proper in the State Court of Henry County as to you.

6.

Admit that jurisdiction is proper in the State Court of Henry County as to you.

7.

Admit that Kevin Wayne Cockerill was an employee of Royal Logistics, Inc. on August 5, 2021.

8.

Admit that Kevin Wayne Cockerill was acting within the scope of his employment at the time of the subject collision.

9.

Admit that on August 5, 2021, Kevin Wayne Cockerill was operating the commercial vehicle owned by Defendant Royal Logistics, Inc. involved in the subject collision.

10.

Admit that on August 5, 2021, Kevin Wayne Cockerill was driving the commercial vehicle as trained by Royal Logistics, Inc.

11.

Admit that no act of Erica Rosa Perez contributed to the subject collision.

12.

Admit that Erica Rosa Perez's actions did not cause or contribute to the subject collision.

13.

Admit that other than those parties named in the Complaint in this case, there are no other

persons or entities that caused and/or contributed to the subject incident in any way.

14.

Admit that you received a citation issued by the investigating law enforcement agency

arising out of the subject collision.

15.

Admit that you pled guilty to said citation in connection with the subject collision.

16.

Admit that Erica Rosa Perez was injured in the subject collision.


This 20th day of April 2022.

Respectfully submitted,

___/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **ERICA ROSA PEREZ,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| v. | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

### CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR ADMISSIONS TO DEFENDANT KEVIN WAYNE COCKERILL upon all

parties to this matter by depositing a true copy of same in the United States Mail, proper postage

prepaid, addressed to counsel of record as follows:

Kevin Wayne Cockerill
6013 23rd Road Street S.
Fargo, ND 58104

Royal Logistics, Inc.
Jason C. Gonzalez
2609 Welcome Road
Newman, GA 30263

This 20th day of April 2022.

Respectfully submitted,

   /s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
RBJ
APR 20, 2022 10:58 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **ERICA ROSA PEREZ,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| v. | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT ROYAL LOGISTICS, INC.

TO:    Royal Logistics, Inc., and its Attorney of Record
       Jason C. Gonzalez
       2609 Welcome Road
       Newman, GA 30263

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following Request for Production of Documents and Notice to Produce.

You are required, when responding to these requests, interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.

You are requested to produce the following described documents for inspection and copying on behalf of the Defendant, this material to be produced to Blake Fluevog, Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009, Attorney for Plaintiff.

## **DOCUMENTS TO BE PRODUCED**

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control orobtained on your behalf.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence, including any coverage available to Defendant Royal Logistics, Inc. (This request seeks each and every policy that may provide coverage in any amount.)

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of Kevin Wayne Cockerill.

8.

Please produce Kevin Wayne Cockerill's driver's qualification file.

9.

Please provide all maintenance and repair records on the commercial vehicle involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the commercial vehicle involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your commercial vehicle or equipment at issue.

11.

Each document submitted by you, or received from the police, the Interstate Commerce Commission,  Department of Transportation or any other  State, Federal or municipal entity investigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of your van and/or tractor and trailer and any inspection records for the van and/or tractor and trailer involved in the subject incident.

13.

Any and all documents in any way pertaining to Kevin Wayne Cockerill reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident and any other collisions involving Kevin Wayne Cockerill, his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment.

14.

Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Kevin Wayne Cockerill the commercial vehicle at issue.

15.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

16.

Copies of all company policies and procedures pertaining to the operation of commercial vehicles any policies and procedures that in anyway apply to, cover, or govern Kevin Wayne Cockerill's employment.

17.

Copies of all work orders, daily loads and/or work reports for August 5, 2021, as it relates to the driver, commercial vehicle, or trip which is the subject of this incident.

18.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving a Royal Logistics, Inc.'s vehicle prior August 5, 2021.

19.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

20.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

21.

Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

22.

Please produce the certificate of title, and/or other proof of ownership, and/or lease agreement for the commercial vehicle involved in the wreck that is the subject matter of this civil

action.

23.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendants.

24.

Copies of any and all reports, interoffice memoranda or other documents relating to matters which are the subject of this Complaint.

25.

Copies of any and all logbooks for Kevin Wayne Cockerill the months of May 2021, June 2021, July 2021, and August 2021.

26.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the discovery of other admissible evidence.

27.

Please produce any and all documents intended to be used to argue that Plaintiff's medical bills are noted in Plaintiff's Interrogatory Number 39 are not reasonable and customary.

This 20th day of April 2022.

Respectfully submitted,

/s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ERICA ROSA PEREZ, | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| v. | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO

ROYAL LOGISTICS, INC. upon all parties to this matter by depositing a true copy of same in

the United States Mail, proper postage prepaid, addressed to counsel of record as follows:

Kevin Wayne Cockerill
6013 23rd Road Street S.
Fargo, ND 58104

Royal Logistics, Inc.
Jason C. Gonzalez
2609 Welcome Road
Newman, GA 30263

This 20th day of April 2022.

Respectfully submitted,

___/s/ Blake Fluevog_____
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
RBJ
APR 20, 2022 10:58 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **ERICA ROSA PEREZ,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| **v.** | |
| **KEVIN WAYNE COCKERILL and ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO ROYAL LOGISTICS, INC.

TO:    Royal Logistics, Inc., and its Attorney of Record
       Jason C. Gonzalez
       2609 Welcome Road
       Newman, GA 30263

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information

will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Blake Fluevog, Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009, within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every

copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## **INTERROGATORIES**

1.

Please identify the persons or entities who in any way owned and/or leased the subject commercial vehicle referred to in the Complaint at the time of the incident involving the Plaintiff. If the ownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendants.

3.

Please state whether Kevin Wayne Cockerill was acting within the course and scope of his employment with Royal Logistics, Inc. at the time of the incident at issue. If you claim he was not acting within the course and scope of his employment, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a party thereto, and state your claims and reasons for same.

5.

If the commercial vehicle involved in the subject incident belongs to someone other than Royal Logistics, Inc. please explain the circumstances under which the vehicle came into the possession of the operator, the purpose for which the vehicle was being used and its destination.

6.

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

7.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend the Plaintiff violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence, which is the subject of this litigation, andindicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause

of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

13.

Please identify with specificity any accident or incident involving personal injuries in which Defendant Kevin Wayne Cockerill has been involved, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody

or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiffs' first request for production of documents.)

15.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

16.

For the date of the incident that is the subject of this lawsuit, state the times in which Defendant Kevin Wayne Cockerill went to work and the times he quit work on that date, and on each of the previous seven (7) days.

17.

Please state the point of origin, the destination, the reason for the trip, and at whose request Defendant Kevin Wayne Cockerill was driving the subject commercial vehicle at the time of the incident described in Plaintiff's Complaint.

18.

If Defendant Kevin Wayne Cockerill has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

Please state the make, year, weight and model of the subject commercial vehicle involved in the incident, and please identify the last date preceding the incident on which the tires were replaced or repaired on the vehicle, and please identify all mechanical repairs or services to the trailer preceding the crash.

20.

Has Defendant Kevin Wayne Cockerill ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint?

21.

Please state the factual basis for each defense that you assert in this action.

22.

If you contend that the Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

23.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

24.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

25.

Please identify all policies and procedures in effect to supervise and regulate your drivers to determine their ability to safely operate and maintain commercial vehicles, such as the vehicle

driven by Defendant Kevin Wayne Cockerill forming the basis of Plaintiff's Complaint.

26.

Did you make a determination as to whether this incident was preventable by or chargeableto Kevin Wayne Cockerill? If so, please state your determination and the reasons, therefore.

27.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

28.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

a)    what each such item purports to show, illustrate or represent;

b)    the date it was made or taken; and

c)    the names and address of the person having custody of such item.

29.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

30.

Please state by whom Defendant Kevin Wayne Cockerill was given permission to operate the subject truck or tractor trailer and on what date authorization was given.

31.

Detail each and every arrangement or agreement between Defendant Kevin Wayne Cockerill and Royal Logistics, Inc. or any other individual or entity under which Kevin Wayne Cockerill was performing services at the time of the subject incident.

32.

State the date and time of each and every inspection of the subject commercial vehicle prior to this incident. For each inspection, detail how the inspection was performed, identify who was present and the results of the inspection.

33.

Are you a motor common carrier for hire?

34.

Please state the names, addresses and job positions of all operations managers who wereeither working at the time of this incident or have knowledge of this incident.

35.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the collision forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

36.

Please provide the present location of the tractor-trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

37.

Please state whether Defendant Kevin Wayne Cockerill received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

38.

Please identify whether the subject commercial vehicle driven by Kevin Wayne Cockerill was equipped with any monitoring or recording devices (i.e., a "black box") at the time of the incident at issue, and if so, please identify all documents generated therefrom.

39.

Do you contend that Plaintiff's damages for the injuries sustained in the subject collision were not reasonable and customary in their current form?  If not, please explain.

This 20th day of April 2022.

Respectfully submitted,

    /s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| ERICA ROSA PEREZ, | |
|---|---|
| **Plaintiff,** | **CIVIL ACTION FILE NO:** |
| v. | |
| **KEVIN WAYNE COCKERILL and** | |
| **ROYAL LOGISTICS, INC.,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S FIRST

CONTINUING INTERROGATORIES TO DEFENDANT ROYAL LOGISTICS, INC. upon all

parties to this matter by depositing a true copy of same in the United States Mail, proper postage

prepaid, addressed to counsel of record as follows:

Kevin Wayne Cockerill
6013 23rd Road Street S.
Fargo, ND 58104

Royal Logistics, Inc.
Jason C. Gonzalez
2609 Welcome Road
Newman, GA 30263

This 20th day of April 2022.

Respectfully submitted,

   /s/ Blake Fluevog
Blake Fluevog
Georgia Bar No. 838726
Attorney for Plaintiff

178 S. Main Street, Unit 300
Alpharetta, GA  30009
Telephone: (770)576-7613
bfluevog@forthepeople.com

🏛 **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
**RBJ**
APR 26, 2022 08:57 AM

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **ERICA ROSA PEREZ** | Case No.:   **STSV2022000677** *Lynne M. Policaro* |
| Plaintiff/Petitioner | Lynne M. Policaro, Clerk of State Court<br>Henry County, Georgia |
| vs. | |
| **KEVIN WAYNE COCKERILL AND ROYAL LOGISTICS, INC.** | AFFIDAVIT OF SERVICE OF |
| Defendant/Respondent | **Summons; Complaint; Rule 5.2 Certificate of Service; Plaintiff's First Request for Admissions; Plaintiff's First Interrogatories; Plaintiff's First Request for Production of Documents** |

Received by **Mark Mazaheri**, on the **24th day of April, 2022 at 1:25 PM** to be served upon **Kevin Wayne Cockerill** at **6013 23 Street South, Fargo, Cass County, ND 58104.**
On the **24th day of April, 2022 at 4:04 PM, I, Mark Mazaheri, SERVED Kevin Wayne Cockerill** at **6013 23 Street South, Fargo, Cass County, ND 58104** in the manner indicated below:

**SUBSTITUTE SERVICE**, by personally leaving **1** copy(ies) of the above-listed documents at his/her usual place of abode with **Cheri Heuer**, who is 15 years of age or older, a person residing therein of who confirmed the Defendant resides at the above address and informed that person of the contents thereof.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Cheri Heuer who indicated they were the subject's roommate, co-resident with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact over 65 years of age, 5'4"-5'6" tall and weighing 140-160 lbs with glasses.**

Service Fee Total: **$270.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _[signature]_                                                                4-25-22

Mark Mazaheri                         Server ID #                         Date

Notary Public: Subscribed and sworn before me on this __25__ day of __APRIL__ _____ in the year of 20__22__
Personally known to me __✓__ or _____ identified by the following document:

_[signature]_

Notary Public (Legal Signature)

> DIANE ABRAHAMSON
> Notary Public
> State of North Dakota
> My Commission Expires May 11, 2022

REF: **REF-9936726 - K Cockerill**

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2022000677
RBJ
MAY 17, 2022 01:44 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

Control Number : SOP-221107275

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Kevin Wayne Cockerill**

have been filed with the Secretary of State on 05/05/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Erica Rosa Perez v. Kevin Wayne Cockerill
Court: Henry County State Court
Civil Action No.: STSV2022000677

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 05/17/2022.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

**⚡ EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
RBJ
**MAY 09, 2022 09:47 AM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

**ERICA ROSA PEREZ**

Plaintiff/Petitioner

vs.

**KEVIN WAYNE COCKERILL AND ROYAL LOGISTICS, INC.**

Defendant/Respondent

Case No.:    **STSV2022000677**

AFFIDAVIT OF SERVICE OF
**Summons; Complaint; Rule 5.2 Certificate of service; Plaintiff's First Request for Admissions; Plaintiff's First Interrogatories; Plaintiff's First Request for Production of Documents**

Received by **James Hines**, on the **22nd day of April, 2022 at 11:00 AM** to be served upon **Royal Logistics Inc. c/o Jason C. Gonzalez, Agent** at **2609 Welcome Road, Newnan, Coweta County, GA 30263**.
On the **1st day of May, 2022 at 6:39 PM**, I, James Hines, SERVED **Royal Logistics Inc. c/o Jason C. Gonzalez, Agent** at 2609 Welcome Road, Newnan, Coweta County, GA 30263 in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Jason C. Gonzalez, Agent**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Jason C. Gonzalez, Agent with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 35-45 years of age, 5'8"-5'10" tall and weighing 160-180 lbs with a goatee.**

Service Fee Total: **$0.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME:  _____  n/a  **MAY 0 1 2022**

James Hines    Server ID #    Date

Notary Public: Subscribed and sworn before me on this ____1____ day of ____May____ in the year of 20_22_
Personally known to me __X__ or _____ identified by the following documents:

_____
Notary Public (Legal Signature)

[Notary Seal: TAMAR T SCOTT / NOTARY PUBLIC / FAYETTE COUNTY, GEORGIA / MY COMMISSION EXPIRES NOVEMBER 4, 2023]

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
RBJ
MAY 24, 2022 04:24 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

ERICA ROSA PEREZ,

      Plaintiff,

v.

KEVIN WAYNE COCKERILL AND
ROYAL LOGISTICS, INC.,

      Defendants.

CIVIL ACTION
FILE NO.:  STSV2022000677

## ANSWER OF DEFENDANT KEVIN WAYNE COCKERILL AND SPECIAL APPEARANCE BY WAY OF ANSWER FOR DEFENDANT ROYAL LOGISTICS, INC.

COMES NOW, Defendant Kevin Wayne Cockerill, and without waiving any applicable defenses as to venue, files this Answer and Defenses to Plaintiff's Complaint for Damages. Further, COMES NOW Defendant ROYAL LOGISTICS, INC. ("Royal Logistics") by Special Appearance ONLY and without waiving any applicable defenses as to process, service of process, or venue, files this Special Appearance by Way of Answer to Plaintiff's Complaint for Damages, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore, Plaintiff's Complaint should be dismissed accordingly.

### SECOND DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff's Complaint is barred by the doctrine of contributory/comparative negligence, and therefore, Plaintiff's Complaint should be dismissed accordingly.

## THIRD DEFENSE

Defendants deny Plaintiff's allegations of wrongdoing or that she is entitled to any recovery from Defendants for alleged wrongdoing.

## FOURTH DEFENSE

Plaintiff's claim has, to the extent that it is based upon common law principles of *respondeat superior*, been abrogated by the adoption of O.C.G.A. § 51-12-33.

## FIFTH DEFENSE

Plaintiff's Complaint fails to state a cause of action for punitive damages against Defendants and there is insufficient evidence to create a jury issue on punitive damages against Defendants.  As a defense to Plaintiff's claims for punitive damages, however, Defendants also state that any such claim and/or award pursuant to O.C.G.A. § 51-12-5.1 should be denied on the grounds that this would violate the guarantees of the Eighth Amendment to the United States Constitution against excessive fines and penalties and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 17), the substantive and procedural due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 1), and the equal protection guarantees of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 2).

## SIXTH DEFENSE

Plaintiff's Complaint fails to plead special damages with particularity, as required by O.C.G.A. § 9-11-9(g).

## SEVENTH DEFENSE

Pending further investigation and discovery, Defendants reserve the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

## EIGHTH DEFENSE

In responding to the specific allegations contained in Plaintiff's Complaint, these Defendants respond as follows:

1.

The allegations in Paragraph No. 1 of the Complaint are not directed to Defendants and, therefore, no response is required.  If, however, a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegation and place Plaintiff upon strict proof of the same.

2.

Defendant Cockerill admits he is a citizen and resident of North Dakota. Defendant Cockerill denies all remaining allegations contained within Paragraph No. 2.

3.

Denied.

4.

Denied.

5.

Admitted.

6.

Denied.

7.

The allegations in Paragraph No. 7 of the Complaint are not directed to Defendants and, therefore, no response is required.  If, however, a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegation and place Plaintiff upon strict proof of the same.

8.

Admitted.

9.

Admitted.

10.

Denied.

11.

Denied.

12.

Denied.

13.

Denied.

14.

Denied.

15.

Denied.

16.

Admitted.

17.

Denied. The common law principle of *respondeat superior* has been abrogated by the adoption of O.C.G.A. § 51-12-33.

18.

Denied.

19.

Denied.

20.

Denied.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Denied.

Defendants deny all allegations contained in Plaintiff's Complaint which have not been responded to in this Answer. Defendants further deny Plaintiff's prayer for relief and entitlement to recovery following Paragraph No. 24 of the Complaint.

**DEFENDANTS REQUEST TRIAL BY A JURY OF TWELVE JURORS ON ALL ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Defendants pray that they be discharged from all liability.

Respectfully submitted this 24th day of May, 2022.

MCMICKLE, KUREY & BRANCH, LLP

BY: */s/ Luke R. Kennedy*
SCOTT W. MCMICKLE
Georgia Bar No. 111839
LUKE R. KENNEDY
Georgia Bar No. 750299
***Attorneys for Defendants***

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone:    (678) 824-7800
Facsimile:    (678) 824-7801
Email:    swm@mkblawfirm.com
lkennedy@mkblawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **ANSWER OF DEFENDANT KEVIN WAYNE COCKERILL AND SPECIAL APPEARANCE BY WAY OF ANSWER FOR DEFENDANT ROYAL LOGISTICS, INC.** with the Clerk of the Court using the *PeachCourt* e-Filing system, which will send a notification attaching same thereon to all counsel of record as follows:

M. Blake Fluevog, Esq.
MORGAN & MORGAN
178 S. Main Street, Unit 300
Alpharetta, GA 30009
***Attorneys for Plaintiff***

This 24th day of May, 2022.

/s/ Luke R. Kennedy
LUKE R. KENNEDY
For the Firm

15888

🏛 **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000677**
**RBJ**
**MAY 24, 2022 04:24 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

ERICA ROSA PEREZ,

      Plaintiff,

v.

KEVIN WAYNE COCKERILL AND
ROYAL LOGISTICS, INC.,

      Defendants.

CIVIL ACTION
FILE NO.:  STSV2022000677

## CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify, pursuant to Uniform Superior Court Rule 5.2, that I have this day served the following discovery requests:

- ***Defendant Kevin Wayne Cockerill's First Interrogatories to Plaintiff Erica Rosa Perez***; and

- ***Defendant Kevin Wayne Cockerill's First Request for Production of Documents and Notice to Produce at Trial to Plaintiff Erica Rosa Perez***

upon all counsel of record via *STATUTORY ELECTRONIC SERVICE* as follows:

M. Blake Fluevog, Esq.
MORGAN & MORGAN
178 S. Main Street, Unit 300
Alpharetta, GA 30009
bfluevog@forthepeople.com
*Attorney for Plaintiff*

*[Signature and date appear on following page]*

M0878890.1 15888

Respectfully submitted this 24th day of May, 2022.

McMICKLE, KUREY & BRANCH, LLP

/s/ *Luke R. Kennedy*
SCOTT W. MCMICKLE
Georgia Bar No. 497779
LUKE R. KENNEDY
Georgia Bar No. 750299
***Attorneys for Defendants***

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Email: swm@mkblawfirm.com
          lkennedy@mkblawfirm.com

M0878890.1 15888